UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT STODDARD,

    Plaintiff,

v.

SUSAN WASHBURN, E.O.C.I. Superintendent; HEATHER NEVIL, E.O.C.I. Hearings officer; CRYSTAL CORTAZAR, E.O.C.I. Hearings Officer; JACKIE GARTON, E.O.C.I. AD.A. Coordinator; NINA SOBOTTA, E.O.C.I. Grievance Coordinator; CRAIG PRINS, O.D.O.C. Inspector General; SCARR, E.O.C.I. A.D.A. Coordinator,

    Defendants.

Case No. 2:22-cv-01978-AA

ORDER

AIKEN, District Judge

    Plaintiff, an adult in the custody of the Oregon Department of Corrections (ODOC), filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his procedural due process rights and the Americans With Disabilities Act (ADA). Plaintiff now moves for the appointment of counsel.

1 -    ORDER

Generally, there is no constitutional right to appointed counsel in a civil case. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Pursuant to 28 U.S.C. § 1915(e)(1), this court has discretion to request volunteer counsel for indigent plaintiffs in exceptional cases. *Id.*; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). To determine whether exceptional circumstances exist, the court evaluates the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate the claim in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970; *Wilborn*, 789 F.2d at 1331.

In light of plaintiff's allegations and the issues involved, he does not demonstrate that this is an exceptional case warranting the appointment of volunteer counsel at this stage of the proceedings.

Plaintiff also moves for a preliminary injunction requiring ODOC and Eastern Oregon Correctional Institution to "to place on [the] front page of Correction Information System, DOC 400[,] all ADA requirements of the Plaintiff." Pl.'s Mot. Prelim. Inj. at 1.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, the moving party must establish: 1) the likelihood of success on the merits of the underlying claims; 2) the likelihood of irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in the movant's favor; and 4) an injunction is in the public interest. *Id.* at 20. Courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 24 (citation omitted).

Plaintiff's conclusory allegations and the evidence attached to his Complaint do not demonstrate a clear likelihood of either success on the merits of his ADA claim or irreparable

2 -    ORDER

harm to warrant preliminary injunctive relief at this time. *See McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004) (to sustain a claim under the ADA, a plaintiff must establish: 1) the plaintiff is a "qualified individual with a disability;" 2) the plaintiff was either excluded from participation in or denied the benefits of prison services, programs, or activities, or was otherwise discriminated against by prison officials; 3) because of the plaintiff's disability). Plaintiff further fails to show that the balance of equities tips in his favor or that the injunction he requests is in the public interest.

## CONCLUSION

Accordingly, plaintiff's Motions for Appointment of Counsel and for Preliminary Injunction (ECF Nos. 3, 4) are DENIED.

IT IS SO ORDERED.

DATED this  20th  day of January, 2023.

                                                /s/Ann Aiken
                                                 ANN AIKEN
                                      United States District Judge

3 -    ORDER