UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ROBERT STODDARD,

    Plaintiff,

v.

SUSAN WASHBURN, E.O.C.I. Superintendent; HEATHER NEVIL, E.O.C.I. Hearings Officer; CRYSTAL CORTAZAR, E.O.C.I. Hearings Officer; JACKIE GARTON, E.O.C.I. AD.A. Coordinator; NINA SOBOTTA, E.O.C.I. Grievance Coordinator; CRAIG PRINS, O.D.O.C. Inspector General; SCARR, E.O.C.I. A.D.A. Coordinator,

    Defendants.

Case No. 2:22-cv-01978-AA

OPINION AND ORDER

AIKEN, District Judge.

    Plaintiff, previously an adult in custody (AIC) at Eastern Oregon Correctional Institution (EOCI), filed suit pursuant to 42 U.S.C. § 1983 and alleged violations of his First and Fourteenth Amendment rights, the Americans with Disabilities Act (ADA), and the Rehabilitation Act (RA).

1 -   OPINION AND ORDER

The Court dismissed Plaintiff's ADA and RA claims and one due process claim, and Defendants now move for summary judgment on Plaintiff's remaining claims. For the following reasons, Defendants' motion is granted.

## BACKGROUND

On December 3, 2021, EOCI Correctional Officer Wiggins issued a misconduct report after reviewing a phone call Plaintiff made to his daughter on December 2, 2021. Nevil Decl. ¶ 13 & Ex. 2 at 5. During the phone call, Plaintiff handed the telephone to another AIC, Howard, so that Howard could provide information about his father to Plaintiff's daughter. *Id.* ¶ 14. Apparently, Plaintiff's daughter was assisting Howard in attempting to locate members of his family. Plaintiff was charged with violating Rule 1.26.03, Unauthorized Use of Information Systems II, and Rule 4.02, Disobedience of an Order II. *Id.* ¶ 17.

Before his disciplinary hearing, Plaintiff requested the presence of several witnesses to testify about his hearing and speech disabilities:

> I also would like ADA Coordinator Ms. Garton to testify that I have multiple disabilities and that over the last few months I have kyte-ed asking for help. BHS Prescriber Ms. Evans & Nurse Davies can also testify to my speech problem & hearing impairment. BHS Councelor [sic] Mrs. Smith & C/O Mr. Kammerzel can testify to my dependence on AIC Howard to help me since EOCI won't assign a helper that all other medium facilitys [sic] provide.

*Id.* ¶ 25 & Ex. 2 at 9.

On December 14, 2021, Plaintiff appeared before Hearings Officer Nevil. Plaintiff acknowledged that he had received copies of the Misconduct Report, Notice of Hearing, Notice of Inmate Rights in a Hearing, and the Rules of Prohibited Conduct. Nevil Decl. ¶ 23 & Ex. 4 at 2-4. Plaintiff also indicated that he understood his rights. *Id.*

Hearings Officer Nevil informed Plaintiff that she had requested information about his disabilities from Ms. Garton, EOCI's ADA accommodation expert. *Id.* ¶ 26. Ms. Garton indicated

2 -    OPINION AND ORDER

that Plaintiff had never obtained permission to allow another AIC to access his phone account, and that there was "no supporting documentation" to indicate that Plaintiff "used another AIC due to a disability." *Id.* & Ex. 2 at 12, Ex. 4 at 8. Hearings Officer Nevil otherwise denied Plaintiff's request for witnesses. *Id.* ¶ 27 & Ex. 4 at 6-12.

Hearings Officer Nevil heard testimony from Plaintiff, reviewed the misconduct report, and listened to the December 2, 2021 phone call. Nevil Decl. ¶ 24 & Exs. 3-4. Based on this evidence, Hearings Officer Nevil found a violation of Rule 1.26.03, Unauthorized Use of Information Systems II, and Rule 4.03, Disobedience of an Order III. *Id.* ¶ 31 & Ex. 2. Plaintiff was sanctioned with five days of lost privileges and a $10.00 fine. *Id.* ¶ 32 & Ex. 2.

Plaintiff sought administrative review from the Inspector General, and his request was denied because his rule violations were Level IV rather than Level I or II. *Id.* ¶¶ 19, 21, 33 & Ex. 5; *see* Or. Admin. R. 291-105-0085(2)(a) (providing administrative review for only Level I or II rule violations).

Plaintiff also filed grievances regarding the disciplinary hearing before Hearings Officer Nevil and a second hearing conducted by Hearings Officer Cortazar. *See* Sobotta Decl. ¶¶ 11, 15. Under relevant ODOC rules, "An AIC cannot grieve . . . [a]ny matter that may be reviewed through a separate review process," including "misconduct reports, investigations leading to or arising from misconduct reports, or disciplinary hearings, findings, and sanctions." Or. Admin. R. 291-109-0210(4)(g). Ms. Sobotta, the EOCI Grievance Coordinator, denied Plaintiff's grievances pursuant to this rule. Sobotta Decl. ¶¶ 13, 16 & Exs. 2, 3.

Plaintiff also sent Ms. Sobotta an AIC Communication Form regarding one of his grievances and stated that he "filled this kyte with the assistance of a law library legal assistant." *Id.* ¶ 18 & Ex. 4. Ms. Sobotta responded that Plaintiff must "cease getting library or any assistance

3 -    OPINION AND ORDER

relating to writing as it is not covered under ADA." *Id.* Ex. 4. Ms. Sobotta asserts that she later met with Plaintiff and authorized him to obtain assistance with written grievances. *Id.* ¶ 23.

## DISCUSSION

Plaintiff alleges that Hearings Officer Nevil violated his rights to procedural due process during his disciplinary proceeding by denying his request for witnesses and failing to accommodate his hearing and speech disabilities.[1] Plaintiff also alleges that Ms. Sobotta violated his First Amendment rights by preventing him from obtaining administrative review of the disciplinary proceedings. Defendants move for summary judgment on grounds that the evidence of record fails to support Plaintiff's claims.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of establishing the absence of any genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once this initial burden is met, the burden shifts to the non-moving party to demonstrate through the production of probative evidence that there remains an issue of fact to be tried.

---

[1] I previously dismissed Plaintiff's due process claim arising from the disciplinary hearing conducted by Hearings Officer Nevil. *See* Order dated July 10, 2023 (ECF No. 6). However, the parties agree that Plaintiff alleged a sufficient property interest, because he was sanctioned with a $10 fine. Nevil Decl. Ex. 2.

Notably, Plaintiff continues to maintain that he lost good time credits because of the challenged disciplinary proceedings. *See* Pl.'s Response at 2. However, the record makes clear that Plaintiff was not sanctioned with the loss of good time credits. Nevil Decl. Ex. 2. Moreover, if Plaintiff had received such a sanctions, the duration of his sentence would have been implicated and he would have been required to challenge the constitutionality of the disciplinary proceedings through a petition for federal habeas relief rather a civil rights action. *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) ("Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement.").

4 -    OPINION AND ORDER

The Court must construe the evidence and all reasonable inferences in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986). The Court "does not weigh the evidence or determine the truth of the matter, but only determines whether there is a genuine issue for trial." *Balint v. Carson City, Nev.*, 180 F.3d 1047, 1054 (9th Cir. 1999). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations and quotation marks omitted).

A. <u>Due Process Claim</u>

It is well established that prison "disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Instead, due process requirements are met if an inmate receives: 1) advance written notice of the charges and the evidence against the inmate; 2) an opportunity to present documentary evidence and witnesses; 3) legal assistance if the charges are complex or the inmate is illiterate; 4) a written statement describing the reasons for the disciplinary action; and 5) a disciplinary decision supported by "some evidence in the record." *Id.* at 563-66, 570; *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

The record reflects that Plaintiff received notice of the charges against him and a written disciplinary decision, and the nature of the charges did not require legal assistance. Nevil Decl. ¶ 28-30 & Exs. 2-4. Further, Plaintiff acknowledged that he handed the telephone to Howard because he was trying to "help" Howard, and this evidence supported the disciplinary findings. *Id.* Ex. 3 at 12-13. Thus, the sole issue is whether Hearings Officer Nevil violated Plaintiff's due process rights by denying his request for witnesses.

5 -    OPINION AND ORDER

As Defendants note, an AIC's right to call witnesses is limited and may be properly denied when the anticipated testimony is neither relevant nor necessary to the matter in controversy. *See Wolff,* 418 U.S. at 566; *Davies v. Valdes*, 462 F. Supp. 2d 1084, 1092 (C.D. Cal. 2006) (recognizing that "prison officials have the discretion, within reasonable limits, to refuse to call witnesses…if such testimony would be unnecessary or irrelevant, or would impose any hazards in the prison"). I find that Plaintiff fails to explain what testimony his witnesses would have provided or why such testimony would have been relevant to the alleged rule violations.

In his disciplinary proceeding, Plaintiff did not claim that he gave the telephone to Howard because he needed Howard's assistance due to speech or hearing difficulties. Rather, Plaintiff explained that he was extending a favor to Howard in exchange for Howard's assistance with other tasks. Nevil Decl. Ex. 4 at 13-14. Further, Plaintiff made the telephone call within two weeks of his disciplinary hearing, and the transcript of the call reflects that Plaintiff spoke with his daughter for a lengthy period without assistance from Howard or anyone else. *Id.* ¶ 29 & Ex. 3. Finally, Hearings Officer Nevil contacted EOCI's ADA coordinator, who stated that Plaintiff had no documented disability that would require an AIC to assist him with telephone calls. *Id.* ¶ 26 & Ex. 2 at 12. Thus, Hearings Officer Nevil reasonably found that witness testimony about Plaintiff's general disabilities was unnecessary or irrelevant to the rule violations at issue. *Id.* ¶ 27;

To the extent Plaintiff argues that he required the assistance of his proposed witnesses during his disciplinary hearing, the record refutes this assertion. Plaintiff presents no evidence that he could not present arguments or relevant evidence because of his speech or hearing difficulties, and the disciplinary hearing transcript reflects that Hearings Officer Nevil understood the nature of his explanation and arguments. Nevil Decl. Ex. 4. Accordingly, Plaintiff fails to show a violation of his due process rights, and Defendants' motion is granted on this claim.

### B. Redress of Grievances Claim

Plaintiff alleges that Ms. Sobotta violated his right to seek redress of his grievances when she denied two grievances related to disciplinary hearings, including the hearing before Hearings Officer Nevil. As noted above, Ms. Sobotta denied Plaintiff's grievances because ODOC rules prohibit AICs from grieving correctional actions, such as disciplinary hearings, that are subject to other forms of administrative review. Or. Admin. R. 291-109-0210(4)(g). Plaintiff emphasizes that his disciplinary proceedings were not subject to administrative review and argues that Ms. Sobotta's denial of his grievances effectively barred him from seeking an administrative remedy.

Plaintiff cannot sustain a claim against Ms. Sobotta because inmates do not have a "constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Further, even if Ms. Sobotta erroneously denied his grievances because his disciplinary proceedings had no separate review process, those denials cannot support claims under § 1983. *Fairley v. Shelton*, 664 Fed. App'x 616, 617 (9th Cir. 2016) (citation omitted) (holding that the trial court properly granted summary judgment to a prison official against an inmate's claim alleging that the official improperly denied his grievance). Instead, the denial of Plaintiff's grievance could have provided grounds to excuse the administrate remedy exhaustion requirement had Defendants raised the lack of exhaustion as an affirmative defense.

Plaintiff also argues that Ms. Sobotta violated his civil rights when she directed Plaintiff to "cease getting library or any assistance relating to writing" in response to his AIC Communication Form. Plaintiff maintains that Ms. Sobotta's communication had a chilling effect on his ability to seek assistance from prison officials, because he could not submit a written request for assistance on his own and risked violating her directive if he obtained help from a library

assistant. Defendants maintain that Ms. Sobotta was simply following ODOC grievance rules and did not intend to prevent Plaintiff from obtaining help in other contexts.

Under the relevant ODOC rule, an AIC with "physical or mental impairments" "may contact the legal library for assistance" or "may contact the institution grievance coordinator or institution ADA coordinator to request assistance" when completing a grievance form. Or. Admin. R. 291-109-0220(6). The plain language of this rule does not support Defendants' assertion that an AIC must obtain "prior approval" before obtaining assistance from the "legal library" to submit a grievance or other communication. *See* Sobotta Decl. ¶ 20. Regardless, Plaintiff presents no evidence that Ms. Sobotta's response prevented him from seeking other forms of assistance or led to an adverse action against him. Further, Plaintiff does not dispute Ms. Sobotta's assertion that she permitted Plaintiff to obtain writing assistance after meeting with him. *Id.* ¶ 23.

Accordingly, Plaintiff fails to raise a genuine issue of fact suggesting that Ms. Sobotta violated his civil rights, and summary judgment is granted.

## CONCLUSION

Defendants' Motion for Summary Judgment (ECF No. 49) is GRANTED and this action is DISMISSED. Any appeal from this Order or final Judgment in this action would be frivolous or not taken in good faith, and Plaintiff's IFP status is REVOKED.

IT IS SO ORDERED.

DATED this  10th  day of June, 2024.

        /s/Ann Aiken
        ANN AIKEN
    United States District Judge

8 -    OPINION AND ORDER